NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ATHENA MAGDALENE, *Appellant.*

No. 1 CA-CR 18-0269
FILED 2-28-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-115031-002
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

_____

**T H O M P S O N**, Judge:

**¶1**        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Athena Magdalene's (defendant's) convictions on two counts of aggravated assault, both class 5 felonies.  Defendant's counsel searched the entire record and did not find any non-frivolous issues to raise.  He subsequently filed a brief requesting that this court conduct an *Anders* review of the record for fundamental error.  Defendant had the opportunity to file a supplemental brief *in propria persona*, but did not do so.

**¶2**        In March 2017, two City of Glendale police officers, Clifford Thrasher and Allen Seidl, responded to a call to keep the peace for a civil issue.  Both Thrasher and Seidl were dressed in uniforms that clearly identified them as police officers, and they arrived at the scene in a fully-marked police vehicle.  Present at the home was a representative from a government agency, the defendant, and defendant's boyfriend.  As events unfolded, boyfriend needed to be detained.  Boyfriend was yelling and resisting, and Thrasher and Seidl were struggling to detain him.  Amidst the chaos, defendant attempted to kick Seidl in the face, but she grazed his nose and kicked Thrasher in the forearm.  Boyfriend was subdued by Thrasher and Seidl left to detain defendant.

**¶3**        The state charged defendant with two counts of aggravated assault against a police officer.  After a jury trial, defendant was convicted on both counts and sentenced to two years of supervised probation.

**¶4**        We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory limits. After informing defendant about this appeal's outcome and her future options, defendant's counsel is released from his obligations under this appeal.  *See State v. Shattuck*, 140 Ariz. 582,

584-85 (1984).  Defendant has thirty days from the date of this decision in which to proceed, if she so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶5          We affirm the convictions and the sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA